UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EDITH JULCA YAYA,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. 5:26-cv-03765-PD

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE**

**A# 213-369-893**

Edith Julca Yaya ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking a bond hearing or release from Respondents' custody at the Adelanto ICE Processing Center in Adelanto, California.  Dkt. No. 1.  The Court has considered the Petition and Respondents' Answer, which does not present an opposition argument.  Dkt. No. 9.

## I.    Background

Petitioner entered the United States on or about August 20, 2022, and was charged with inadmissibility under 8 U.S.C. 1182(a)(6)(A)(i) for entering

the United States without inspection.  Dkt. No. 1, Petition at 6.[1]  Petitioner was released from immigration custody on an Order of Recognizance but was subsequently arrested by immigration authorities.  Petitioner is currently detained at the Adelanto ICE Detention Facility and is in pending removal proceedings.  Petitioner's appeal is currently pending before the Board of Immigration Appeals ("BIA").[2]

## II.   Discussion

The Petition raises two claims: (1) Petitioner's denial of a bond redetermination hearing violates the Immigration and Nationality Act ("INA") because 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b)(2), governs Petitioner's detention; and (2) Petitioner's detention without a bond redetermination hearing violates Petitioner's right to procedural due process under the Fifth Amendment.

As an initial matter, because Petitioner has a pending appeal before the BIA, her removal order is not administratively final, and her detention does not fall under 8 U.S.C. § 1231.  *See* 8 U.S.C. § 1231(a)(1)(B)(i) ("The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final. . . ."); 8 C.F.R. § 241.1; 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: . . . [u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time").

---

[1] The Court uses the page numbers inserted into the pleadings by the Court's electronic filing system.

[2] According to Petitioner's Automated Case Information from the Executive Office for Immigration Review website, Petitioner is from Peru, was ordered removed on September 21, 2024, but has an appeal with the BIA which is currently pending. *See* https://acis.eoir.justice.gov/en/.

## A.    Procedural Due Process

This Court and others in this District have found that re-detention, without notice or a pre-deprivation hearing, of a noncitizen who had been released on conditions shortly after their entry into the United States and had complied fully with those conditions, violated procedural due process. *See Cruz v. Lyons, et al.,* No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129 (C.D. Cal. Nov. 6, 2025) (granting temporary restraining order releasing noncitizen who had been paroled into the United States and was re-arrested at appointment with USCIS); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in). *See also M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2025 WL 3691419, at *5 (C.D. Cal. Dec. 19, 2025) (granting TRO ordering release of noncitizen who had been released on their own recognizance shortly after entering the United States and was re-arrested at ICE check-in).

As in these cases, the Court considers Petitioner's procedural due process claim under the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  The *Matthews* test balances three factors:

> First, the private interest that will be affected by the official action; second the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335.

### 1.    Private Interest

Petitioner has a substantial private interest in remaining out of custody.  Petitioner entered the United States on or about August 20, 2022.

3

Petition ¶ 28.  Petitioner was released from immigration custody on an Order of Recognizance but was subsequently arrested by immigration authorities and is currently detained at the Adelanto ICE Detention Facility.  *Id.* ¶¶ 29-30.

While Petitioner remained subject to supervision following her release, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated."  *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty.") (collecting cases).  Petitioner's release included "an implicit promise that parole will be revoked only if he fails to live up to the parole conditions."  *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).  This conditional liberty is "'valuable and must be seen as within the protection of the Fourteenth Amendment.'"  *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

### 2.    Risk of Erroneous Deprivation

With respect to the second *Mathews* factor, Petitioner alleges she has been denied access to a bond redetermination hearing before an Immigration Judge.  Petition ¶¶ 31, 39.  The risk of an erroneous deprivation of a petitioner's liberty interest is considerable where she has not received any bond or custody redetermination.  *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) (risk of erroneous deprivation is considerable for petitioner previously released on bond after it was determined he was not a danger to the community or a flight risk).

In evaluating this risk, courts that have ordered release and a pre-deprivation hearing have considered the petitioner's compliance with all release conditions and criminal history. *See e.g., Calderon v. Kaiser*, No. 25-CV-06695-AMO, 2025 WL 2430609 at *2 (N.D. Cal. Aug. 22, 2025) (noting that petitioner who was released on her own recognizance did not violate the conditions of her release which included reporting for any hearing or interview); *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) ("Petitioner has no criminal history and indicates that he has attended every check-in and court hearing since he arrived in the United States."); *De Vasquez v. Chestnut*, No. 1:25-CV-1999-JDP, 2026 WL 25539 at *4 (E.D. Cal. Jan. 5, 2026) (noting that since release, "there has been no indication that [petitioner] has become a flight risk or danger to the community").

Petitioner's initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Sun v. Santacruz*, No. 5:25-CV-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted). Further, regardless of the statute that authorized her release, Petitioner's release was predicated on the Government's determination that Petitioner did not present a sufficient danger or flight risk requiring her detention. *See* 8 C.F.R. § 236.1(c)(8) (providing that the Government may release a noncitizen under Section 1226 "provided that the alien [] demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding"); 8 C.F.R. § 212.5 (permitting release on parole under 8 U.S.C. § 1182(d)(5)(A) in limited circumstances, "provided the aliens present neither a security risk nor a risk of absconding").

5

Respondents' Answer to the Petition does not present an opposition argument to either of Petitioner's claims, or to her request for release.[3]  *See* Dkt. No. 9.  Neither do Respondents allege that any material changed circumstances warranted Petitioner's re-detention.

According to the Petition, Petitioner was released from immigration custody on an Order of Recognizance but is now detained without access to a bond redetermination hearing because of the BIA's decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  Petition ¶¶ 29, 31.

Based on the allegations before the Court, there is a substantial risk that the lack of a bond hearing has resulted in Petitioner's unnecessary detention.

### 3.   Government Interest

As to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a predetention hearing."  *Cruz*, 2025 WL 4051129 at \*4 (collecting cases).  "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions."  *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017).  Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]' "  *Sun*, 2025 WL 2730235,

---

[3] The absence of opposition to Petitioner's Fifth Amendment due process claim itself is a basis to grant the Petition.  *See Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, \*3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, \*4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

at *6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that Respondents' lack of constitutionally adequate procedures has resulted in Petitioner's unnecessary detention, and any government interest in refusing to provide such process is minimal. The Court therefore concludes that the Government's re-detention of Petitioner without adequate pre-deprivation process violated Petitioner's Fifth Amendment right to due process. Because the Court concludes that Petitioner is entitled to release on procedural due process grounds, it declines to address Petitioner's remaining claim. Nothing prevents Petitioner from raising that claim again in the future, should the Government re-detain Petitioner following the procedures set forth above.

## III.   Order

For the foregoing reasons, the Petition is GRANTED as to Count Two, and the remaining count is dismissed without prejudice.

Petitioner Edith Julca Yaya (A# 213-369-893) is **ordered released** on her prior conditions of release within 24 hours of this Order.

**Respondents are further ordered** to file, within three days of Petitioner's release, a status report confirming Petitioner's release.

IT IS SO ORDERED.

DATED: July 16, 2026

Patricia Donahue

_____

Patricia Donahue
United States Magistrate Judge

7